# United States Court of Appeals
## For the First Circuit

_____

No. 14-2346

PAUL JONES,

Plaintiff, Appellant,

v.

FREDERICK J. HANNA,

Defendant, Appellee

NCO FINANCIAL SERVICES; ACTION COLLECTION AGENCY; CAPITAL ONE CREDIT CARD SERVICES; HOLLIS COBB RECEIVABLE MANAGEMENT PROFESSIONALS; HSBC CARD SERVICES, INC.; THE LAW OFFICES OF GARY H. KREPPEL, P.C.; JEFFERSON CAPITAL SYSTEMS, LLC; MIDLAND CREDIT MANAGEMENT, INC.; LUSTIG GLASER & WILSON, P.C.; EBAY, INC.; BILL ME LATER,

Defendants.

_____

Before

Thompson, Kayatta and Barron,
Circuit Judges.

_____

**JUDGMENT**

Entered: March 28, 2016

     Appellant Paul M. Jones ("Jones") appeals from the district court's decision granting Defendant-Appellee Frederick J. Hanna's ("Hanna") motion for judgment on the pleadings on Jones's claims under the Telephone Consumer Protection Act ("TCPA"), Mass. Gen. L. ch. 93A, and under the Massachusetts "Debt Collection Regulations," 940 Code Mass. Regs. § 7.00 et seq. Our review is de novo. See Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008). After careful review of the parties' arguments and the underlying record, we vacate the district court's judgment of dismissal, and remand for further proceedings.

     Because of Jones's pro se status, we construe his pleadings liberally. See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75-76 (1st Cir. 2014) (citing Erickson v. Pardus, 551 U.S. 89, 94

(2007) (per curiam)). The principal issue presented here is whether Jones's amended complaint alleged sufficient facts to permit a reasonable inference that the defendant used an automated telephone dialing system ("ATDS") in making certain allegedly prohibited phone calls. Our inquiry here "focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 13 (1st Cir. 2011). Assuming arguendo that a bare allegation that a defendant used an ATDS is insufficient to plead this element of a TCPA claim, we nevertheless conclude that Jones's amended complaint contains sufficient factual content beyond that bare allegation to state a plausible entitlement to relief. In his amended complaint, Jones alleged the details of specific phone calls over a period of several months to four separate telephone numbers ascribed to Jones. The timing, length, frequency and volume of the alleged phone calls to four of Jones's different phone numbers -- all detailed in the amended complaint -- permit a reasonable inference that the defendant used an ATDS in placing the phone calls. In this regard, we note that Jones specifically alleged that the defendant used a predictive dialer, and that the allegations of the amended complaint plausibly suggest the use of such a device. See, e.g., In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. 14014, 14092-93 ¶ 133 (2003) (finding "that a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress") (footnote omitted). As we are not presented here with any challenge to the 2003 FCC Ruling, which neither party has heretofore cited, we simply decide that Jones's allegations plausibly fit within its ambit, permitting a reasonable inference that the defendant at least used a predictive dialer in placing the phone calls. We therefore vacate the district court's decision dismissing this claim, and remand for further proceedings.

Because the district court dismissed the claim under Mass. Gen. L. ch. 93A on the grounds that it was predicated on the TCPA claim, we vacate the dismissal of the Chapter 93A claim, too. Finally, Jones purported to assert a claim under certain Massachusetts regulations. Although the claim is inartfully pleaded, the failure to cite the proper statute is not fatal to the claim at the pleading stage. See Johnson v. City of Shelby, Miss., 135 S. Ct. 346, 346 (2014) (per curiam) ("Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief'; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.") (quoting Fed. Rule Civ. Proc. 8(a)(2)). See also Morales-Vallellanes v. Potter, 339 F.3d 9, 14 (1st Cir. 2003) ("complaint need not point to the appropriate statute or law in order to raise a claim for relief under Rule 8" and plaintiff's "failure to cite any statutory basis for relief . . . is not fatal to plaintiff's case") (internal quotation marks and citation omitted). To the extent that the district court dismissed this claim because Jones failed to plead this claim under Mass. Gen. L. ch. 93A, we vacate that dismissal.

  Vacated and remanded.

  It is so ordered.

               By the Court:

               /s/ Margaret Carter, Clerk

cc:
Denise Jefferson Casper, Judge, US District Court of Massachusetts
Robert Farrell, Clerk, US District Court of District of Massachusetts
Paul M. Jones
Jennifer L. Markowski
John J. O'Connor
Sean R. Higgins
Ranen S. Schechner
Marissa I. Delinks